■ FOSTER WHEELER CORPORATION, Respondent, v. JACK N. CRESWELL et al., Appellants, and CHARLES H. A. SKEY et al., Defendants.— Order, Supreme Court, New York County, entered on April 3, 1973, unanimously affirmed, without costs and without disbursements. In affirming we hold only that Special Term did not abuse its discretion in allowing the amendment, following the liberal amendment policy enunciated under CPLR 3025 (subd. [b]). Appellants' claims of untimeliness and prejudice can be remedied by additional pretrial proceedings. We have not reached the merits of the proposed amended complaint and our ruling is without prejudice to any motions addressed thereto. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Tilzer, JJ.

■ JOSEPH F. NOSCHESE, Respondent, v. ALLSTATE AUTO CORP., Defendant, and B. & J. SPRING & EQUIPMENT CO., INC., Appellant.— Judgment, Supreme Court, New York County, entered September 19, 1972, unanimously reversed, on the law and on the facts, and a new trial granted solely on the issue of damages with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent within 20 days of service upon him by the defendant-appellant of a copy of the order entered hereon, with notice of entry, serves and files in the office of the Clerk of the trial court a written stipulation consenting to reduce the verdict to $75,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment as so amended and reduced is affirmed, without costs and without disbursements. In our opinion, the verdict was excessive to the extent indicated. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Tilzer, JJ.

■ DENNIS A. FENNESSY, Respondent, v. ROBERT C. MACK, JR., Appellant, and ABRAHAM SELMO et al., Defendants.— Order, Supreme Court, New York County, entered on May 30, 1973, denying a motion pursuant to CPLR 3012 (subd. [b]) to dismiss for failure to serve a complaint, unanimously affirmed, on condition that plaintiff's attorney personally pay to the defendant-appellant Robert C. Mack, Jr., the sum of $250 plus $40 costs and disbursements of this appeal within 20 days after he has been served by said defendant with a copy of the bill of costs to be taxed hereunder. In the event that said condition is not complied with, then the order is unanimously reversed, on the law and in the exercise of discretion, and the motion granted, and defendant-appellant shall recover of plaintiff-respondent $40 costs and disbursements of this appeal. Approximately one year elapsed between the demand for service of a complaint and the actual service thereof. The defendant's motion to dismiss for failure to serve a complaint prompted such service before the return day of the motion. The plaintiff, a passenger in an automobile, suing both the operator and the driver of another vehicle because of a collision, should not be required to suffer the consequences of his attorney's conduct, and the imposition of the above costs on counsel personally is a more appropriate penalty than a dismissal for failure to serve a complaint as required. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Murphy, JJ.